[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present motion to suppress results from an out of court identification made by the victim of a robbery alleged to be by the defendant here.
The victim was robbed at Sam's food Mart in Moosup, Connecticut.
Subsequent to the robbery, the police submitted a photograph obtained from surveillance tapes of the individual suspected of committing the offense to the Norwich Bulletin.
The Norwich Bulletin "ran" the photograph on or about May 31, 2000 with a request that the public assist police in identifying the person in the photograph. An unrelated third party called the police, indicated they thought they recognized the individual, and gave police the name of the suspect. The police arranged for a line up of photographs of similar appearing men. The victim, after reviewing the photographs, picked out the defendant from the line up.
The defendant claims the photo identification is tainted because it followed.the publication of a surveillance tape photograph, which the victim had seen and because the police photo array followed in close proximity in time to the publication and thereby "suggesting" the identification of the defendant.
Factually, the surveillance photograph was selected from the tape by the convenience store clerk who worked and that clerk was never requested to view the photograph array.
The initial identification of the Norwich Bulletin photograph was made by a third party, a restaurant owner who recognized the "published" photograph as that of a former cook and provided a name to the police.
The photograph array that was shown to the victim was provided by the CT Page 837 police officers not having previously investigated the robbery and at no time based on their testimony was it suggested to the victim that the robber was in the particular array that the victim was shown. The victim picked out the defendant.
Nothing about this procedure can be said to be unnecessarily suggestive. "An identification procedure is unnecessarily suggestive only if it gives rise to a very substantial likelihood of irreparable misidentification. . . . Generally, the exclusion of evidence from the jury is . . . a drastic sanction, one that is limited to identification testimony which is manifestly suspect." State v. Ortiz, 252 Conn. 533
at 554 (2000), quoting State v. Austin, 244 Conn. 226, 246-47 (1998). The defendant has offered no authority for the proposition that the publication of a surveillance photograph of an individual who has committed a crime would taint a subsequent identification of that individual by a victim or witness, and this court does not so hold. Such a ruling would both defy logic and unnecessarily restrict the police when they seek the public's help to solve crime.
For the foregoing reasons, the motion to suppress is denied.
 ___________________ J. Kocay, J.